MORRIS SCHENKER, Respondent, v. MORRIS LIBOFF, Appellant. BENJAMIN LIBOFF, as Receiver of the Assets of the Copartnership of SCHENKER & LIBOFF, and ABRAHAM MILES, Appellants; PERCY R. BURTNETT, as Receiver, etc., of SCHENKER & LIBOFF, Respondent.— Order on reargument, entered October 5, 1928, in so far as it directs Benjamin Liboff, one of the receivers, and defendant Morris Liboff, to pay to Percy R. Burtnett, one of the receivers herein, the sum of $6,185.96 within ten days after the service upon them of a copy of said order, and in so far as it states, settles and allows the account of receiver Benjamin Liboff and directs that the same is final and conclusive, and in so far as it decrees that defendant Morris Liboff has in his hands $6,185.96 and constitutes defendant Morris Liboff receiver jointly with the other receivers in the action, and in so far as it directs that plaintiff be subrogated to the extent of the moneys found to be in the possession of receiver Benjamin Liboff and of defendant Morris Liboff, and holds them both jointly and severally liable in the said sum of $6,185.96, and in so far as it directs appellant Abraham Miles to pay $585 as set forth in paragraph " ninth " thereof, is modified: A. By deducting from the total amount with which receiver Benjamin Liboff is charged, to wit, $34,742.13, the sum of $7,657.50, made up of moneys which Morris Liboff withdrew from the copartnership funds prior to the receivership, and conforming the said order to meet the situation created by this deduction. It was error to charge the receiver with funds abstracted from the copartnership of Schenker & Liboff before the receivership, it not appearing that these funds ever came into the receiver's hands. B. By striking out the provision of said order which directs defendant Morris Liboff to pay to Percy R. Burtnett, one of the receivers herein, the sum of $6,185.96, and in its stead directing that, on his failure to pay the said sum, a judgment be entered against him therefor in favor of plaintiff, with costs and disbursements. The liability herein to be enforced was that of a partner to his copartner, and

such liability arises out of the contractual relationship existing between them. The judgment to be entered is enforcible by execution and not by contempt proceedings. No costs are allowed appellants Liboff. C. The order in so far as it directs appellant Abraham Miles to pay to Jackson Heights Painting and Decorating Co., Inc., the sum of $585 is reversed upon the law, with costs, and the motion to confirm the referee's report to that extent is denied, with ten dollars costs and disbursements. The court was without jurisdiction over the appellant Miles. The order appealed from, as thus modified, is unanimously affirmed, without costs. This order has been treated as an interlocutory judgment, which should have been obtained herein and should have been the basis of this appeal. Present — Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ. Settle order on notice.